

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

> Opinion No. O-4177
> Re: Whether or not the gross re-
> ceipts tax prescribed in
> Article 614-6, V.A.P.C.,
> should be collected by the
> Labor Commissioner in cer-
> tain described cases.

This is in reply to your request for an opinion, which reads as follows:

"Article 614, Penal Code, (614-6 V.A.P.C.) commonly called the Boxing and Wrestling Law, State of Texas, has been placed under the juris- diction of the Labor Commissioner, and it is his duty to enforce the provisions of this law.

"This statute provides for a 3% gross re- ceipts tax to be collected from exhibitions of this nature with certain exceptions. In order to properly carry out the provisions of this statute, please advise me whether or not this 3% gross receipts tax should be collected from those amateur organizations conducting boxing or wrestling exhibitions for the purpose of qualifying the participants for entrance in State-wide or national contests where all or part of the proceeds from such contests are used for purposes other than the development of amateur athletics."

The statute you refer to is codified as Article 614-6 of Vernon's Annotated Penal Code of Texas. It was

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

originally passed as a part of House Bill 832, Chapter 241, at the Regular Session of the Forty-third Legislature, in 1933, and became effective August 29, 1933. Said House Bill 832 made wrestling and boxing matches legal, and authorized the Labor Commissioner to regulate them by requiring certain permits and licenses as a prerequisite to the holding of such matches; and said Bill prescribed a three per-cent (3%) gross receipts tax on the sale of tickets to such matches. Section 6 of the Bill prescribed the tax, and it is that part that is codified as Article 614-6, V.A.P.C.

Said Bill was amended by House Bill 28, Chapter 21, at the Second Called Session of the Forty-third Legislature, which amendment became effective May 28, 1934, and which is still in effect. Said Article 614-6, V.A.P.C., as amended, reads as follows:

"Each individual, firm, club, copartnership, association, company or corporation which conducts any fistic combat, boxing, sparring or wrestling match, contest or exhibition wherein the contestants or participants receive a money remuneration, purse, or prize equivalent for their performance or services in same, and/or where an admission fee is charged or received, shall furnish to the Commissioner of Labor Statistics at Austin, Texas, within forty-eight (48) hours after the termination of such match, contest or exhibition, a duly verified report thereof showing the number of tickets sold, the various prices received therefor, and the amount of gross receipts for the total number of tickets sold therefor, and at the same time shall attach to the Commissioner of Labor's report legal tender or make proper form of money order or exchange payable to the State Treasurer in the amount of tax for three per centum (3%) of the total gross receipts from the sale of tickets of admission to such contest, which tax shall be deposited to the credit of the 'Boxing and Wrestling Enforcement Fund.' No other fee or tax either general or local, than as herein provided, shall be assessed against or levied upon any such match, contest or exhibition, contestant or manager, or promoter thereof."

Honorable John D. Reed, Commissioner - Page 3

The exhibitions you ask about are clearly subject to the tax prescribed in said Article, unless there is an applicable exception in the law. The only possible exception that has come to our attention is House Concurrent Resolution No. 40, passed by both the House and the Senate at the First Called Session of the Forty-third Legislature, which met from September 14, 1933, until October 13, 1933. That resolution is codified as Article 614-17b of Vernon's Annotated Penal Code. It reads in its entirety as follows:

"DIRECTING COMMISSIONER OF
LABOR AND OTHER OFFICERS TO REFRAIN
FROM ENFORCING CERTAIN PROVISIONS OF
H. B. NO. 832, ACTS 43RD LEGISLATURE

H.C.R. No. 40.

HOUSE CONCURRENT RESOLUTION

"WHEREAS, At the Regular Session of the Forty-third Legislature, House Bill Number 832, Chapter 241, Acts of the Regular was passed by the Legislature of the State of Texas, regulating and controlling wrestling and boxing within the State of Texas; and

"WHEREAS, It was not the intention of the Legislature of the State of Texas in passing said law, for the provisions thereof to apply to state-wide and national sports bodies conducting amateur tournaments in these sports where such sports are not conducted for profit and the participants therein receive no remuneration for participating therein; and

"WHEREAS, There has been some uncertainty existing in the minds of the Labor Commissioner and other officers of the State charged with the enforcement of said laws as to whether or not the provisions thereof apply to exhibitions held

Honorable John D. Reed, Commissioner - Page 4

by associations or individuals not for profit
where the participants thereof receive no remun-
eration for participating therein, such as ex-
hibitions held for the purpose of qualifying
individuals to enter National and Olympic compe-
titions; and

"WHEREAS, It is the sense of this Legislature
that such amateur sports should be encouraged; and

"WHEREAS, It was not the sense of this Legis-
lature, in enacting said law, to have the provi-
sions thereof apply to such sports; now therefore,
be it

"RESOLVED by the House of Representatives of
the State of Texas, the Senate of the State of
Texas concurring, That the Commissioner of Labor
Statistics of the State of Texas and all other
officers charged with the enforcement of the pro-
visions of House Bill Number 832, Chapter 241,
Acts of the Regular Session of the Forty-third
Legislature, be directed and they are hereby
directed to refrain from enforcing the provi-
sions of said Act as against any person, firm,
or association of persons conducting any ex-
hibition of wrestling or boxing not for profit,
or the participants therein, where such partic-
ipants are not receiving any remuneration, when
such exhibition is held solely for the purpose
of qualifying the participants therein to enter
any statewide, national or olympic tournament,
even though admission may be charged in order
to defray the necessary expense of holding
such exhibition."

In the first place we do not believe the fact
situation you ask about comes within the exception recited
in this resolution.  The exception recited in the resolution
is that the act should not be enforced in those instances
when all of the following is true, to-wit, 1. that the
participants do not receive any remuneration; and 2. that
the "exhibition is held solely for the purpose of qualifying

Honorable John D. Reed, Commissioner - Page 5

the participants therein to enter any statewide, national or olympic tournament," even though admission may be charged to defray the expense of holding such exhibition. In this case you state that "all or part of the proceeds from such contests are used for purposes other than the development of amateur athletics". You do not state the exact nature of the purpose for which the proceeds are used; but, if they are used for purposes other than the development of amateur athletics it is certain that they are used for some purpose other than qualifying the participants therein to enter a statewide, national or olympic tournament. If the proceeds are used for such other purpose, we think the exhibition is held at least partly for such other purpose. That being true, the exhibition does not come within the exception recited in the resolution, and the contest is subject to the tax.

In the second place we will point out that House Concurrent Resolution No. 40 (Art. 614-17b V.A.P.C.) might not be effective as a law in that it does not comply with the requisites of a bill as prescribed by the Constitution of Texas. In the case of National Biscuit Co. v. State, 129 S. W. 2nd 494 (reversed on other points, 134 Tex. 293, 135 S. W. 2nd 687), the Austin Court of Civil Appeals, speaking through Justice Baugh, said:

"It has long since been settled that bills must contain the enacting clause prescribed in Sec. 29, of Art. 3 of the Constitution, have adequate titles, and contain but one subject. Vernon's Ann. St. Const. Sec. 35, Art. 3. Nowhere, however, do we find any express provision in the Constitution requiring that resolutions, requiring the action of both houses thereon, and of the Governor, follow the same course in their passage as bills generally, Const. Art. 4, Sec. 15; and in some instances may have the force and effect of a law, they are not necessarily to be treated as laws. Mosheim v. Rollins, Tex. Civ. App., 79 S. W. 2d 672, writ dismissed. The Constitution itself places bills and resolutions in separate and distinct categories. Sec. 34, Art. 3; State v. Delesdenier, 7 Tex. 76, 94;

Conley v. Texas Division of United Daughters of the Confederacy, Tex. Civ. App., 164 S. W. 24, 26; 39 Tex. Jur., Sec. 4, p. 12. Sec. 30, Art. 3, provides that: 'No law shall be passed, except by bill,' etc. Manifestly the enacting clause required for 'all laws' could not apply to such resolution."

In the case of Conley v. Texas Division of United Daughters of the Confederacy, 164 S. W. 24, the Austin Court of Civil Appeals said:

"The chief distinction between a resolution and a law seems to be that the former is used whenever the legislative body passing it wishes to merely express an opinion as to some given matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general."

In view of the fact that the exhibitions you ask about do not come within the exception recited in the resolution, as first pointed out above, it is not necessary for us to decide definitely the validity of the resolution as a bill. Therefore, we are merely mentioning this second point, and are resting our decision in this opinion on the first point discussed above.

Our answer to your inquiry is that the gross receipts tax prescribed by Article 614-6, V.A.P.C., should be collected from the organizations conducting the exhibitions described.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Rotsch
Assistant

APPROVED

CCR:FS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN